UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv61663

STACYE PETERSON, individually and
on behalf of all those similarly situated,

    Plaintiff,

v.                                                          **CLASS ACTION**

I.C. SYSTEM, INC.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff STACYE PETERSON ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant I.C. SYSTEM, INC. ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.     JURISDICTION AND VENUE**

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

2.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.   PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Minnesota corporation, with its principal place of business located in St. Paul, Minnesota.

5. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

**3.   DEMAND FOR JURY TRIAL**

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.   ALLEGATIONS**

8. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA0900391.

14. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are current to within one week of the current date.

16. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

18. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

19. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

20. Defendant mailed a collection letter, dated May 22, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

21. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

22. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

23. Defendant identifies itself as a "debt collector" in the Collection Letter.

24. In the Collection Letter, Defendant directs Plaintiff to Defendant's website to make a payment towards the Consumer Debt.

25. Defendant does not have contractual or statutory authority to charge, or otherwise assess, additional fees or amounts to credit card payments made towards the Consumer Debt.

26. Defendant unlawfully assesses additional fees and/or amounts to payments made towards Consumer Debt if said payment is made via, among other things, a credit card, as well as unlawfully assesses the same to all other Florida consumers that attempt to make a payment via a credit card towards a debt that Defendant sought to collect from said consumer by and through a collection letter.

27. The abovementioned additional fees and/or amounts that Defendant seeks to impose on payments made via a credit card are prohibited Fla. Stat. 501.0117.

**5.   CLASS ALLEGATIONS**

28. This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

29. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) during the twelve [12] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt, (6) whereby in said letter Defendant directs the consumer to Defendant's website to pay said debt (7) and Defendant unlawfully assess additional fees and/or amounts to payments made via credit card.

30. The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) during the twenty-four [24] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt, (6) whereby in said letter Defendant

directs the consumer to Defendant's website to pay said debt (7) and Defendant unlawfully assess additional fees and/or amounts to payments made via credit card.

31. Plaintiff alleges, on information and belief, that each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which direct the consumer to make a payment towards the underlying debt via Defendant's website, of which unlawfully assesses additional fees and/or amounts to payments made via credit card.

5.1   EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

32. Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

33. The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

34. The factual issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a debt, and whether Defendant, by and through said letter, violated the FCCPA.

35. The principal legal issue for the FDCPA Class is whether Defendant, by assessing additional fees and/or amounts to payments made via credit card, violated § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), and § 1692f of the FDCPA.

36. The principal legal issue for the FCCPA Class is whether Defendant, by assessing additional fees and/or amounts to payments made via credit card, violated Fla. Stat. § 559.72(9).

37. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

38. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

39. Plaintiff is an adequate representative of each of the classes.

40. Plaintiff will fairly and adequately protect the interests of the classes.

41. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

42. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

44. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

### COUNT I.
### VIOLATION OF 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5), & f

45. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-44 as though fully set forth herein.

46. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (2) The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. §1692e.

47. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban.

48. As stated above, Defendant mailed Plaintiff and members of the FDCPA Class collection letters which attempt to collect a consumer debt. The collection letter directs the consumer to Defendant's website to make a payment towards the debt which Defendant seeks to collect. Here, Defendant unlawfully assesses any payment made via a credit card additional fees and/or amounts which Defendant does not have any contractual or statutory authority to collect.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

49. Notwithstanding Defendant's lack of statutory and/or contractual authority to assess additional fees and/or amounts to payments made via a credit card, Florida law explicitly prohibits the type of fee and/or amounts which Defendant seeks to impose on payments made by credit card. *See* Fla. Stat. 501.0117.

50. Absent explicit contractual or statutory authority to assess additional amounts to consumers that seek to make payment(s) via credit card, assessing Florida consumers fees and/or amounts above-and-beyond the payment which the consumer sought to pay is false, deceptive, and/or otherwise misleading means in connection with debt Defendant seeks to collect from Plaintiff, as well as members of the FDCPA Class.

51. The additional fees and/or amounts which Defendant attempts to impose on payments made via a credit card constitute a false representation of the character, amount, and/or legal status of the underlying debt, as the additional fees and/or amounts which Defendant seeks to impose are above-and-beyond that which Defendant seeks to collect in any collection letter and such fees are otherwise unavoidable. As such,

52. The additional fees and/or amounts which Defendant attempts to impose on payments made via a credit card constitute a false representation of services rendered and/or compensation recoverable by Defendant, in that, the least sophisticated consumer is wrongfully caused to believe that Defendant may lawfully recover from the consumer amounts above-and-beyond the payment the consumer seeks to make for the convenience and/or benefit of making a payment via a credit card.

53. The additional fees and/or amounts which Defendant attempts to impose on payments made via a credit card constitute a threat to take action that cannot legally be taken, *to*

PAGE | **8** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*wit*, the assessment of additional fees and/or amounts that Defendant does not have the contractual or statutory authority to assess.

54. The additional fees and/or amounts which Defendant attempts to impose on payments made via a credit card constitute unfair, and in light of Fla. Stat. § 501.0117, unconscionable means to attempt to collect the underlying debt from Plaintiff and the members of the FDCPA Class.

55. In light of the forgoing, Defendant, by and through the Collection Letter and the additional fees and/or amounts which Defendant attempts to impose of payments made via credit card, violated § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5),and § 1692f of the FDCPA.

56. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

### *COUNT II.*
### **VIOLATION OF FLA. STAT. § 559.72(9)**

57. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-44 as though fully set forth herein.

58. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

59. As stated above, Defendant unlawfully assesses any payment made via a credit card additional fees and/or amounts which Defendant does not have any contractual or statutory authority to collect.

60. Here, the fees and/or amounts which Defendant attempts to assess violate both the FDCPA (as set forth in *Count* I) and Florida Law. *See* Fla. Stat. 501.0117.

61. At all times material, Defendant knew it did not have *any* statutory or contractual right and/or authority to assess any payment made via a credit card additional fees and/or amounts – beyond that of the underlying debt, as well as knew that the fees and/or amounts which Defendant sought to assess are prohibited by Fla. Stat. 501.0117.

62. As such, Defendant violated Fla. Stat. § 559.72(9) by attempting to assess Plaintiff and members of the FCCPA Class additional fees and/or amounts which Defendant did not have any contractual or statutory authority to collect or otherwise assess, whereby the assessment of such fees and/or amounts that interpedently violate the FDCPA (as set forth in *Count I*) and Fla. Stat. 501.0117.

63. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) A declaration that the additional fees and/or amounts that Defendant attempts to assess to credit card payments violates Fla. Stat. § 501.0117.

(e) Such other or further relief as the Court deems proper.

DATED: July 5, 2019

                                                Respectfully Submitted,

                                                /s/ Jibrael S. Hindi
                                              **JIBRAEL S. HINDI, ESQ.**
                                              Florida Bar No.: 118259
                                              E-mail:    jibrael@jibraellaw.com
                                              **THOMAS J. PATTI, ESQ.**
                                              Florida Bar No.: 118377
                                              E-mail:    tom@jibraellaw.com
                                              The Law Offices of Jibrael S. Hindi
                                              110 SE 6th Street, Suite 1744
                                              Fort Lauderdale, Florida 33301
                                              Phone:     954-907-1136
                                              Fax:         855-529-9540

                                              *COUNSEL FOR PLAINTIFF*