UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:  0:19-cv-61663

STACYE PETERSON, individually and on
behalf of all others similarly situated,
    Plaintiff,

v.

I.C. SYSTEM, INC.,

    Defendant.
_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant, **I.C. System, Inc.**, ("ICS" ), by and through its undersigned counsel, and hereby responds to Plaintiff's Class Action Complaint as follows:

1. Admitted for jurisdictional purposes only, otherwise, denied.

2. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

3. Admitted Plaintiff is a natural person, otherwise, Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

4. Admitted.

5. Admitted Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of accounts; otherwise, Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

6. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

7. Admitted Plaintiff demands a trial by jury.

8. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

9. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

10. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

11. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

12. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

13. Admitted Defendant is licensed with the Florida Office of Financial Regulation and its license number is CCA0900391; otherwise, Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

14. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

15. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

16. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

17. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

18. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

19. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

20. Admitted Exhibit "A" speaks for itself; otherwise, Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

21. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

22. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

23. Admitted Defendant's letter states what it state; otherwise Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

24. Admitted Defendant's letter states what it state; otherwise Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

25. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

26. Denied.

27. Denied.

## **CLASS ALLEGATIONS**

28. Admitted Plaintiff seeks to bring two FDCPA putative class, denied Plaintiff is entitled to such relief.

29. Admitted Plaintiff seeks a putative a described herein, denied Plaintiff is entitled to any such relief.

30. Admitted Plaintiff seeks a putative a described herein, denied Plaintiff is entitled to any such relief.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant is without sufficient knowledge and/or information to determine the veracity of the allegations contained in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied (a through b).

43. Denied.

44. Denied.

## **COUNT I**

45. Defendants re-assert the responses to paragraphs 1 through 44 as if fully set forth herein.

46. Admitted to the extent that the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* speaks for itself. Otherwise, denied.

47. Admitted to the extent that the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* speaks for itself. Otherwise, denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## **COUNT II**

56. Defendants re-assert the responses to paragraphs 1 through 44 as if fully set forth herein.

57. Admitted to the extent that the Florida Consumer Collection Practices Act §559.72, *et. seq.* speaks for itself. Otherwise, denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as she has suffered no injury-in-fact as the result of any act or omission by Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations found under the FDCPA and/or FCCPA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's putative class action is unsuitable for class application as Plaintiff's putative class action is not the first filed putative class action aimed at Defendant. *See, Gentile v. I.C. System Inc.,* Case No 19-cv-60839 (SDFL filed 3/29/2019). The Eleventh Circuit follows the "first-to-file rule." *See Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135–36 (11th Cir.2005).

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, respectfully requests this Court to DISMISS Plaintiff's claims with prejudice and for any such other relief as this court deems just and proper.

Respectfully submitted by:

/s/ Charles J. McHale
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
Counsel for Defendant