UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61663-RKA

STACYE PETERSON and RONALD D.
GENTILE, individually and on behalf of
all those similarly situated,

      Plaintiffs,

v.

I.C. SYSTEM, INC.,

      Defendant.

_____/

**JOINT RESPONSE REGARDING CONSOLIDATION OF
THE _PETERSON_ AND _GENTILE_ ACTION**

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff STACYE PETERSON ("Plaintiff") and I.C. SYSTEM, INC. ("Defendant"), by and through undersigned counsel, respond to this Court's Order [D.E. 20] regarding the consolidation of the above-captioned action, _Stacye Peterson v. I.C. System, Inc_, **Case No. 0:19-cv-61663** ("_Peterson_"), and _Ronald D. Gentile v. I.C. System, Inc._, **Case No. 0:19-cv-60839** ("_Gentile_").   Plaintiff and Defendant (collectively, the "Parties") submit the following[1]:

1.      The _Peterson_ action was filed on July 05, 2019, in the Southern District of Florida.

2.      The _Gentile_ action, a substantially similar class action, was originally filed in the Southern District of Florida on March 29, 2019.

[1] Counsel for _Peterson_ has made several attempts to contact counsel for _Gentile_ to discuss the consolidation of the two actions; however, as of this filing, counsel for _Peterson_ has not been able to reach counsel for _Gentile_. Nevertheless, the Parties believe, in good-faith, that the consolidation of _Peterson_ and _Gentile_ is in the best interest of all parties involved, as well as judicial economy.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

3.      On December 04, 2019, this Court entered an Order Regarding Consolidation directing the parties to file a joint response explaining why or why not the two forgoing actions should be consolidated in any form. D.E. 20.

4.      Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (a) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). It is well-settled that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades,* 549 F.2d 1006, 1012 (5th Cir. 1977)).

5.      Courts in this District have recognized that consolidation "benefit[s] the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Coleman Clearing Corp. v. Gurian (In re Adler),* 2008 U.S. Dist. Lexis 30521, at *1 (S.D. Fla. April 10, 2008). Thus, where—as here— "the complaints present similar claims for relief based upon a single course of conduct," consolidation is appropriate since it "promotes judicial economy by streamlining and simplifying pre-trial and discovery issues." *Id*; *Newman v. Eagle Bldg. Techs.,* 209 F.R.D. 499, 501502 (S.D. Fla. July 31, 2002) (finding that class actions were "ideally situated for consolidation" since they were "based upon a single course of conduct" and consolidation would therefore "promote judicial economy by streamlining and simplifying pre-trial, discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple trials.").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

6.      The Parties agree that *Peterson* and *Gentile* share common questions of law and fact. The *Peterson* and *Gentile* plaintiffs allege that Defendant is a consumer collection agency that used unfair or unconscionable means to collect or attempt to collect a debt. *See Peterson* Complaint, <u>D.E. 1</u> ¶¶ 45-62; *Gentile* Complaint, <u>D.E. 1</u> ¶¶ 21-46. The complaints describe the alleged unlawful behavior in similar terms, claiming that it is due in part to "Defendant's representation that it was entitled to be paid a convenience fee … is a false representation and deceptive means to attempt to collect the Debt in violation of 15 U.S.C. § 1692e(10)." *Gentile* <u>D.E. 1</u> ¶ 37; *Peterson* <u>D.E. 1</u>. ¶ 50. Further, the complaints bring federal and state consumer protection actions on behalf of substantially similar classes. *Peterson* <u>D.E. 1</u> *¶¶ 28-44; Gentile* <u>D.E. 1</u> ¶¶ 47-53.

7.      Given the substantial similarity between the parties and issues in the two actions, the Parties agree that consolidation is appropriate and would not result in any confusion of issues or prejudice to any of the parties. The Parties further agree that consolidation would preserve judicial resources and alleviate the significant burden and expense of litigating the two cases separately.

8.      Further, the Parties respectfully request the Court set a pretrial conference pursuant to Fed. R. Civ. P. 16 at the next available date to address, *inter alia*: (a) consolidation of proceedings, including the filing of a consolidated amended class action complaint; (b) a scheduling order regarding discovery, expert witness reports and motion practice; and (c) an order requiring a global mediation 45 days from the resolution of this Motion to be attended by all parties and counsel then pending before this Court, that will continue the mediation being supervised by Steven R. Jaffe. The Parties consent to Steven Jaffe continuing to serve in this role.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

9.      For the foregoing reasons, the Parties respectfully request that the Court

consolidate *Gentile* and *Peterson*.


DATED:        December 18, 2019

| | |
|---|---|
| /s/ Jibrael S. Hindi | /s/ Charles McHale |
| **JIBRAEL S. HINDI, ESQ.** | **CHARLES MCHALE, ESQ.** |
| Florida Bar No.: 118259 | Florida Bar No.: 26555 |
| E-mail:jibrael@jibraellaw.com | E-mail: CMcHale@gsgfirm.com |
| **THOMAS J. PATTI, ESQ.** | **DALE GOLDEN, ESQ.** |
| Florida Bar No.: 118377 | Florida Bar No.: 94080 |
| E-mail:tom@jibraellaw.com | E-mail: DGolden@gsgfirm.com |
| THE LAW OFFICES OF JIBRAEL S. HINDI | GOLDEN SCAZ GAGAIN |
| 110 SE 6th Street, Suite 1744 | 201 North Armenia Avenue |
| Fort Lauderdale, Florida 33301 | Tampa, Florida 33609 |
| Phone: 954-907-1136 | Phone: 813-251-5500 |
| Fax:    855-529-9540 | Fax:    813-251-3675 |

*COUNSEL FOR PLAINTIFF*                    *COUNSEL FOR DEFENSE*

PAGE | **4** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com