UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED ACTION
CASE NO.: 0:19-cv-60839-WPD

RONALD D GENTILE, *individually*
*and on behalf of all others similarly situated*

    Plaintiff,
vs.

I.C. SYSTEM, INC.,

    Defendant.
_____/

STACYE PETERSON, *individually*    CASE NO.: 0:19-cv-61663-WPD
*and on behalf of all others similarly situated*

    Plaintiff,
vs.

I.C. SYSTEM, INC.,

    Defendant.
_____/

## ORDER CONSOLIDATING CASES

THIS MATTER is before the Court *sua sponte*.

On December 4, 2019, the Court entered an Order requiring the Parties' to respond stating whether there was reason to consolidate the above cases for any purpose including trial. Plaintiff Ronald Gentile responded expressing opposition to the consolidation. [DE 26]. Plaintiff Stacye Peterson and Defendant I.C. System, Inc. filed a joint response, per the Court's Order, agreeing that the parties (Stacye Peterson and Defendant) "believe in good-faith that consolidation is in the best interest of all parties involved, as well as judicial economy." [DE 21] in Case No. 0:19-cv-61663-WPD.

Rule 42(a) provides:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). This rule is a codification of a trial court's inherent managerial power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Eleventh Circuit has encouraged district courts to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir.1966), cert. denied, 386 U.S. 958 (1967)).

This Court's decision under Rule 42(a) is purely discretionary. *See Hendrix*, 776 F.2d at 1495 (citations omitted). In exercising its discretion, the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), cert. denied, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984).

Here, the Court finds the cases are clearly related. Related plaintiffs have filed actions asserting the substantially similar claims, against the same Defendant, with overlapping facts, on

behalf of substantially similar classes. Both complaints allege Defendant is a consumer collection agency that engaged in unfair or unconscionable debt collection practices, in particular charging Plaintiffs a "convenience fee." *See* [DE 1] ¶ 37, Case No. 0:19-cv-61663-WPD [DE 21] ¶ 50. The Court notes that the "first filed rule" is inapplicable in the present case as both actions are presently proceeding in front of the same court. *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71 (11th Cir. 2013). Therefore, the Court exercises its discretion to consolidate these cases.

Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

1. Case No. 0:19-cv-60839-WPD and Case No. 0:19-cv-61663-WPD are hereby **CONSOLIDATED** for all purposes, including trial.

2. All pleadings and papers shall be filed in the lower numbered case, Case No. 0:19-cv-60839-WPD and shall henceforth bear the caption set forth by the Court on page 1 of this Order.

3. Case No. 0:19-cv-61663-WPD is hereby **ADMINISTRATIVELY CLOSED**. Any documents filed in Case No. 0:19-cv-61663-WPD in the future shall be **automatically stricken**.

4. The Clerk shall place a copy of this Order in Case No. 0:19-cv-60839-WPD and Case No. 0:19-cv-61663-WPD, thereby indicating that the cases have been consolidated.

5. On or before **January 9, 2020** the Parties shall meet and confer regarding the filing of a consolidated amended class action complaint.

6. On or before **January 21, 2020** the Parties shall file a single, joint, status report including 1) whether Plaintiffs will be filing a consolidated class action complaint 2) a proposed schedule for remaining discovery, expert witness reports, motion practice, and trial and 3) a proposed order scheduling mediation.

**DONE and ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 26th day of December, 2019.

*[signature: William P. Dimitrouleas]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record